CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff Scott Johnson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | **Case No.** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **See's Candies, Inc.,** a California Corporation; **Kenneth Sarachan**; **Laurie Brown**; and Does 1-10, | |
| Defendants | |

Plaintiff Scott Johnson complains of Defendants See's Candies, Inc., a California Corporation; Kenneth Sarachan; Laurie Brown; and Does 1-10, ("Defendants") and alleges as follows:

**PARTIES**:

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

Complaint

2. Defendant See's Candies, Inc. was the business owner of the See's Candies ("Store") located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in May 2014.

3. Defendant See's Candies, Inc. was the business owner of the See's Candies ("Store") located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in March 2015.

4. Defendant See's Candies, Inc. was the business owner of the See's Candies ("Store") located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in April 2015.

5. Defendant See's Candies, Inc. was the business owner of the See's Candies ("Store") located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in May 2015.

6. Defendant See's Candies, Inc. is the business owner of the See's Candies ("Store") located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, currently.

7. Defendants Kenneth Sarachan and Laurie Brown were the property owners of the Store located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in May 2014.

8. Defendants Kenneth Sarachan and Laurie Brown were the property owners of the Store located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in March 2015.

9. Defendants Kenneth Sarachan and Laurie Brown were the property owners of the Store located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in April 2015.

10. Defendants Kenneth Sarachan and Laurie Brown were the property owners of the Store located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, in May 2015.

11. Defendants Kenneth Sarachan and Laurie Brown are the property

Complaint

owners of the Store located at or about 1005 Contra Costa Blvd., Pleasant Hill, California, currently.

12. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

14. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

15. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

16. The Store is a business establishment and place of public accommodation.

Complaint

17. Parking spaces are one of the facilities available to patrons of the business.

18. There are no compliant accessible parking spaces among the spaces reserved for persons with disabilities at the Store.

19. None of the parking spaces at the Store were accessible to wheelchair users in May 2014.

20. None of the parking spaces at the Store were accessible to wheelchair users in March 2015.

21. None of the parking spaces at the Store were accessible to wheelchair users in April 2015.

22. None of the parking spaces at the Store were accessible to wheelchair users in May 2015.

23. None of the parking spaces at the Store are accessible to wheelchair users currently. There are two designated accessible parking spaces for patrons of the Store to use.

24. In May 2014 Plaintiff's date of visit at the store, the access aisle adjacent to one of the designated accessible parking spaces for use by persons with disabilities at the Store has a slope that exceeds 2.4%.

25. In March 2015 Plaintiff's dates of visits at the store, the access aisle adjacent to one of the designated accessible parking spaces for use by persons with disabilities at the Store has a slope that exceeds 2.4%.

26. In April 2015 Plaintiff's date of visit at the store, the access aisle adjacent to one of the designated accessible parking spaces for use by persons with disabilities at the Store has a slope that exceeds 2.4%.

27. In May 2015 Plaintiff's date of visit at the store, the access aisle adjacent to one of the designated accessible parking spaces for use by persons with disabilities at the Store has a slope that exceeds 2.4%.

28. The access aisle adjacent to one of the designated accessible parking

Complaint

spaces at the Store currently has a slope exceeding 2.4%.

29. Plaintiff further alleges that in his May 2014 date of visit at the Store, the van accessible parking space was not compliant.

30. Plaintiff alleges that in his March 2015 dates of visits at the Store, the van accessible parking space was not compliant.

31. Plaintiff alleges that in his April 2015 date of visit at the Store, the van accessible parking space was not compliant.

32. Plaintiff alleges that in his May 2015 date of visit at the Store, the van accessible parking space was not compliant.

33. In 2014 and 2015 Plaintiff's dates of visits at the Store, the mandated pole or wall signage with the wheelchair logo near the supposedly van accessible parking space was way too low.

34. The mandated pole or wall signage with the wheelchair logo near the supposedly van accessible parking space is currently too low.

35. In March 2014 Plaintiff's date of visit at the Store, the diagonally-striped markings and the blue border around the van parking space where an access aisle is supposed to exist had faded to near oblivion.

36. In March 2015 Plaintiff's dates of visits at the Store, the diagonally-striped markings and the blue border around the van parking space where an access aisle is supposed to exist had faded to near oblivion.

37. In April 2015 Plaintiff's date of visit at the Store, the diagonally-striped markings and the blue border around the van parking space where an access aisle is supposed to exist had faded to near oblivion.

38. In May 2015 Plaintiff's date of visit at the Store, the diagonally-striped markings and the blue border around the van parking space where an access aisle is supposed to exist had faded to near oblivion.

39. The diagonally-striped markings and the blue border around the van parking space where an access aisle is supposed to exist are currently faded

Complaint

and difficult to see.

40. The plaintiff frequents the Pleasant Hill area and has visited and shopped there on numerous occasions in the last year and will continue to do so in the future.

41. He went to the Store once in May 2014, twice in March 2015, once in April 2015, and once May 2015.

42. He made a purchase at the See's Candies Store in his March 2015 visit.

43. He made a purchase at the See's Candies Store in his April 2015 visit.

44. He made a purchase at the See's Candies Store in his May 2015 visit.

45. In his May 2014 visit to the Store, plaintiff was forced to stay in his van and was deterred from purchasing because of the barriers.

46. In his March 2015 visit to the Store, plaintiff was forced to stay in his van and was deterred from purchasing because of the barriers.

47. In encountering and dealing with the lack of accessible facilities, the plaintiff experienced difficulty and frustration.

48. These violations denied the plaintiff full and equal access to facilities, privileges and accommodations offered by the defendants.

49. Additionally, on information and belief, the plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

50. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site

Complaint

inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

51. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

52. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."
   c. A failure to make alterations in such a manner that, to the

Complaint

maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

53. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4. Here the failure to provide accessible van parking is a violation of the law.

54. Additionally, to qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id.* It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. *Id.* Signs must be posted so that they cannot be obscured by a vehicle parking in the space. *Id.* Additionally, the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle.

Complaint

*Id.*

55. Here, there was no compliant access aisle and the pole/wall mounted signage was way too low. The parking simply failed to comply.

56. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4.

57. Here, the failure to provide level parking is a violation of the law.

58. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

59. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

60. Given its location and options, the Store is a location that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

61. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

62. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

63. Because the violation of the Unruh Civil Rights Act resulted in

difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: September 29, 2015     CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint